53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James W. WILLIAMS, Petitioner-Appellant,
v.
Stephen W. KAISER, Respondent-Appellee.
 No. 94-6388.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 James Williams, proceeding pro se, appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. The district court concluded that the claims Mr. Williams raised were procedurally barred. Accordingly, the court denied his petition and denied his request for a certificate of probable cause. We have jurisdiction pursuant to 28 U.S.C. 1291, and now grant his request for a certificate of probable cause, affirm in part, and reverse in part.
 
 BACKGROUND
 
 3
 Mr. Williams was convicted of distribution of a controlled dangerous substance, after two or more prior felony convictions, and he was sentenced on December 20, 1985, to a sixty-year term of imprisonment. See Okla. Stat. Ann. tit. 63, 2-401 (West 1984); id. tit. 21, 51(b) (West 1983). This conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals in an unpublished opinion. Williams v. State, No. F-87-203 (Okla.Crim.App. Nov. 3, 1988).
 
 
 4
 Acting pro se, Mr. Williams next filed an application for post-conviction relief in the state district court. He claimed, inter alia, that (1) the prosecution had purposefully discriminated in using a peremptory challenge to exclude the sole African American from the venire panel, in violation of Batson v. Kentucky, 476 U.S. 79 (1986); (2) that his sentence had been enhanced by the use of invalid prior convictions because he had not been advised of his right to appeal those prior convictions and that his trial counsel was ineffective for stipulating to the prior felony convictions; and (3) that he had received ineffective assistance of counsel in that his attorney failed to raise the Batson claim at trial or on direct appeal.[2] The district court denied his application, finding that all issues raised--including the Batson claim and improper enhancement claim--had either been raised on direct appeal and therefore were res judicata, or could have been raised and therefore were waived. Williams v. State, No. CRF-85-3516 (Okla. County Dist. Ct.). The Oklahoma Court of Criminal Appeals affirmed in part, but remanded to the district court to address Mr. Williams' ineffective assistance of counsel claims. On remand, after listing the claims that Mr. Williams' counsel did raise on direct appeal, the district court concluded that Mr. Williams received representation "far superior to those minimum standards set out in Strickland." Williams v. State, No. CRF-85-3516, at 5 (Okla. County Dist. Ct. July 1, 1992). The court, however, did not address Mr. Williams' contention that his counsel "failed to raise Petitioner's Batson claim on direct appeal." R. Vol. I, Application for Post-Conviction Relief at 2a. The Oklahoma Court of Criminal Appeals affirmed. Williams v. State, No. PC-91-1221 (Okla.Crim.App. July 21, 1992).
 
 
 5
 Having exhausted his state court remedies, see 28 U.S.C. 2254(b); see also Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer available' to him."); Rose v. Lundy, 455 U.S. 509, 518-20 (1982), Mr. Williams filed the instant federal habeas corpus petition. The district court, adopting the Report and Recommendation of the Magistrate Judge, concluded that Mr. Williams' Batson claim and his improper enhancement claim were procedurally barred and that Mr. Williams had not established adequate cause to excuse his default. Accordingly, the court denied habeas relief. Mr. Williams filed a timely notice of appeal with this court.
 
 DISCUSSION
 
 6
 In reviewing the denial of a petition for a writ of habeas corpus, we accept the district court's findings of fact unless clearly erroneous and we review the court's conclusions of law de novo. Brewer v. Reynolds, No. 94-5072, 1995 WL 148397, at * 3 (10th Cir. April 5, 1995); Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). Because Mr. Williams is proceeding pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 I.
 
 7
 Mr. Williams, who is African American, first claims that he was convicted by a jury from which the sole African American member of the venire panel was excused upon the peremptory challenge of the prosecution, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). In Batson, the Supreme Court held that a black criminal defendant could make a prima facie case of an equal protection violation with evidence that the prosecutor had used peremptory challenges to strike members of the defendant's race from the jury. Id. at 96.
 
 
 8
 Mr. Williams, however, was tried before the Supreme Court's decision in Batson. He was convicted and sentenced on December 20, 1985 and Batson was decided in April 1986. Mr. Williams filed his direct appeal on May 13, 1987, a year after the Batson decision, and the Oklahoma Court of Criminal Appeals affirmed his conviction on November 3, 1988. As a threshold matter, therefore, we must determine whether the substantive law established in Batson is applicable to Mr. Williams' case at all.
 
 
 9
 While the holding in Batson did not change the nature of the violation previously recognized in Swain v. Alabama, 380 U.S. 202 (1965), the Court's decision did effect a new constitutional rule in that it changed the quantum of proof necessary to establish an equal protection violation. Allen v. Hardy, 478 U.S. 255, 258 (1986) (per curiam). Accordingly, the new evidentiary standard of Batson is not to be applied retroactively on collateral review, Teague v. Lane, 489 U.S. 288, 296 (1989); Allen, 478 U.S. at 261, but it is applicable in all cases that were pending on direct review or not yet final when Batson was decided, Griffith v. Kentucky, 479 U.S. 314, 328 (1987). Because Mr. Williams' case was pending on direct review at the time Batson was decided, the substantive law established in Batson is applicable.
 
 
 10
 We next must consider whether Mr. Williams has forfeited federal review of his claim by defaulting in state court. In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held that in cases in which a habeas corpus petitioner has defaulted his federal claims in state court pursuant to an "independent and adequate state procedural rule," federal review of the claims is barred unless the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750; see Murray v. Carrier, 477 U.S. 478, 488 (1986) (cause for a procedural default must ordinarily turn on "some objective factor external to the defense").
 
 
 11
 A state court's finding is "adequate" if it is applied "evenhandedly"; that is, if it is "strictly or regularly followed." Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir.1994); see Ford v. Georgia, 498 U.S. 411, 421 (1991); Hathorn v. Lovorn, 457 U.S. 255, 263 (1982); Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991), cert. denied, 502 U.S. 1110 (1992); see also Steele v. Young, 11 F.3d 1518, 1522 (10th Cir.1993); Gutierrez v. Moriarty, 922 F.2d 1464, 1469-71 (10th Cir.), cert. denied, 502 U.S. 844 (1991); Coleman v. Saffle, 869 F.2d 1377, 1383 (10th Cir.1989), cert. denied, 494 U.S. 1090 (1990). A state court's finding is considered "independent" if it is "separate and distinct from federal law." Brecheen, 41 F.3d at 1353.
 
 
 12
 The Oklahoma Court of Criminal Appeals consistently has held that "res judicata bars consideration in post-conviction proceedings of issues which have been, or which could have been, raised on direct appeal. Thomas v. State, 888 P.2d 522, 525 (Okla.Crim.App.1994); Castro v. State, 880 P.2d 387, 388 (Okla.Crim.App.1994); Banks v. State, 810 P.2d 1286, 1289 (Okla.Crim.App.1991), cert. denied, 502 U.S. 1036 (1992); Jones v. State, 704 P.2d 1138, 1140 (Okla.Crim.App.1982), cert. denied, 459 U.S. 1155 (1983); Smith v. State, 546 P.2d 1351, 1353 (Okla.Crim.App.1976); see also Okla. Stat. Ann. tit. 22, 1086 (West 1986). In the only reported Oklahoma case presenting the precise issue we face here, the court of criminal appeals held that the petitioner's failure to raise a Batson claim on direct appeal precluded review of the claim on post-conviction review. Fisher v. State, 845 P.2d 1272, 1274 (Okla.Crim.App.1992), cert. denied, 113 S.Ct. 3014 (1993).[3]
 
 
 13
 In this case, the court of criminal appeals' application of a procedural bar to Mr. Williams' Batson claim clearly was independent of federal law as it was the sole basis for the court's disposition of the issue. See Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993). Furthermore, the court's actual application of the procedural default rule to all "similar" Batson claims, though limited, has been "evenhanded."[4] See Fisher, 845 P.2d at 1274 and compare with Cochran v. Herring, 43 F.3d 1404, 1409 (11th Cir.1995) (holding Batson claim not procedurally barred because Alabama had not applied bar consistently to similar claims). Thus, the Oklahoma Court of Criminal Appeals disposed of Mr. Williams' Batson claim on adequate and independent state grounds and federal review is barred unless he can demonstrate cause for his default and actual prejudice as a result.[5]
 
 
 14
 Mr. Williams maintains that his procedural default must be excused because he received ineffective assistance from appellate counsel. If a state prisoner has defaulted his claims in state court as "the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State." Murray v. Carrier, 477 U.S. 478, 488 (1986); see Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.), petition for cert. filed, No. 94-8391 (Mar. 13, 1995). Thus, constitutionally ineffective assistance of counsel is "cause" for a procedural default. Murray, 477 U.S. at 488.
 
 
 15
 To prevail on an ineffective assistance claim, the petitioner must first show that his appellate counsel "made errors so serious that counsel was not functioning as the counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984); Romero v. Tansy, 46 F.3d 1024, 1029 (10th Cir.1995). If the petitioner is able to demonstrate deficient performance, he then must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. While Strickland set forth standards for determining the effectiveness of trial counsel, we have applied those same standards in assessing the effectiveness of appellate counsel. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995).
 
 
 16
 An appellate advocate may deliver deficient performance by failing to raise an obviously meritorious claim on direct appeal. Id. at 395. Although appellate counsel is under no obligation to raise every colorable issue on direct appeal, see Jones v. Barnes, 463 U.S. 745, 751-53 (1983), counsel must raise those issues which are "obvious on the record" and which leap out "upon even a casual reading of the transcript." Cook, 45 F.3d at 395; Banks v. Reynolds, No. 94-5156, 1995 WL 242619 (10th Cir. April 26, 1995).
 
 
 17
 In this case, Mr. Williams' attorney, Michael Hoover, did not raise the Batson claim on direct appeal. However, according to Mr. Williams' affidavit, the prosecution used one of its peremptory strikes to disqualify the sole African American member of the venire panel.[6] The Federal Magistrate Judge observed that because Batson was not the law at the time of trial, and the record was not developed by objecting during voir dire, "it would have been difficult, if not impossible, to effectively raise the issue on appeal." R. Vol. I, Report and Recommendation at 5. Given the recency of the Batson decision, we acknowledge the difficulty faced by Mr. Hoover on appeal. However, we also are "acutely aware" that he was Mr. Williams' attorney and, as such, was obliged "to represent him vigorously and raise all possible issues." Andrews v. Deland, 943 F.2d 1162, 1193 (10th Cir.1991), cert. denied, 502 U.S. 1110 (1992). This he failed to do. Thus, even viewed objectively, and allowing wide latitude for counsel's tactical decisions, see Strickland, 466 U.S. at 689; Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1537 (10th Cir.1994), we conclude that by failing to raise the Batson claim on direct appeal, Mr. Hoover's performance was deficient.
 
 
 18
 The district court concluded that Mr. Hoover's performance was not deficient. Thus, the court did not go on to consider the second component of the Strickland analysis, whether Mr. Williams suffered prejudice as a result of the deficiency. Given the paucity of evidence contained in the record, we are unable to assess the prejudice, if any, suffered by Mr. Williams as a result of his attorney's failure to raise the Batson claim. We therefore remand the case to the district court. On remand, the court must develop the factual record and decide in the first instance whether there is "a reasonable probability that the result of the proceeding"--in this case, the disposition of Mr. Williams' direct appeal--would have been different had the Batson claim been raised on direct appeal.
 
 II.
 
 19
 Mr. Williams' sentence was enhanced because he had at least two prior felony convictions. He claims that the sentence enhancement was improper because (1) his guilty pleas to the prior crimes were not knowingly and intelligently entered; (2) he was never advised of his right to appeal the two prior convictions; and (3) his trial counsel was ineffective in stipulating to the use of these prior convictions to enhance his sentence.
 
 
 20
 The district court concluded that, like his Batson claim, Mr. Williams' improper enhancement claim also was procedurally barred. Mr. Williams does not dispute that he failed to raise the issue on direct appeal, but again maintains that his default is excusable because he received ineffective assistance from his appellate counsel. The district court, adopting the thorough analysis of the Magistrate Judge, properly concluded that Mr. Williams' counsel was not ineffective in failing to raise this meritless claim and that Mr. Williams therefore had failed to establish "cause" for his procedural default. Because we cannot add significantly to the Magistrate Judge's analysis, we affirm the district court's denial of habeas relief on this ground.
 
 CONCLUSION
 
 21
 In summary, we GRANT the petitioner's request for a certificate of probable cause. We GRANT the petitioner's motion to supplement the pleadings. With respect to the Batson claim, we REVERSE the judgment of the district court and REMAND for proceedings consistent with this decision. With respect to the improper enhancement claim, we AFFIRM the judgment of the district court for substantially the same reasoning as set forth in its order of September 30, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Williams was represented by the same attorney, Michael R. Hoover, both at trial and on direct appeal
 
 
 [3]
 In Guy v. State, 778 P.2d 470 (Okla.Crim.App.1989), another case involving a pre-Batson trial and post-Batson appeal, the defendant complied with Oklahoma's procedural rule and raised his Batson claim on direct appeal. The court of criminal appeals remanded the case to the district court for a hearing on the Batson issues. Id. at 476. It is clear, therefore, that had Mr. Williams raised the Batson claim on direct appeal, as required by the Oklahoma Post-Conviction Relief Act, he would have had an opportunity to develop the factual basis of his claim. See Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir.1994)
 
 
 [4]
 The present case is distinguishable from Coleman v. Saffle, 869 F.2d 1377 (10th Cir.1989), cert. denied, 494 U.S. 1090 (1991), where we held that Oklahoma's 1086 bar is not "strictly followed" with respect to issues for which the law has changed subsequent to the petitioner's appeal. Id. at 1383. In this case, Batson was decided a year before Mr. Williams filed his direct appeal
 
 
 [5]
 Mr. Williams does not claim that failure to consider his claims will result in a fundamental miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986)
 
 
 [6]
 In United States v. Joe, 8 F.3d 1488 (10th Cir.1993), cert. denied, 114 S.Ct. 1236 (1994), we held that the defendant established a prima facie case of purposeful discrimination by showing that he was a member of a cognizable racial group--Native Americans--and that prosecution used a peremptory challenge to remove the only Native American member of the venire panel. Id. at 1499