**UNITED STATES COURT OF APPEALS**
**Filed 1/3/97**
**TENTH CIRCUIT**

JAMES W. WILLIAMS,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Petitioner-Appellant,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀No. 96-6214
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀(D.C. No. CIV-92-1603-A)
STEPHEN W. KAISER,⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀(W.D. Oklahoma)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Respondent-Appellee.⠀⠀⠀)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, LOGAN** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This matter is before the court on petitioner James W. Williams' application for a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability (formerly a certificate of probable cause).  His right to appeal

the federal district court's denial of habeas corpus relief is conditioned upon this court

granting a certificate of appealability.  28 U.S.C. § 2253.  The law, as recently amended,

instructs that we may issue such a certificate "only if the applicant has made a substantial

showing of the denial of a constitutional right," and we "indicate which specific issue or

issues satisfy [that] showing."  Id. § 2253(c)(2) and (3).  Petitioner's remaining ground

for relief after a prior appeal and remand, see William v. Kaiser, No. 94-6388, 1995 WL

257883 (10th Cir. May 2, 1995), is his constitutional right to equal protection under

Batson v. Kentucky, 476 U.S. 79 (1986).

The remand order addressed whether petitioner's procedural default of his Batson

claim should be excused based on petitioner's assertion that he received ineffective

assistance of appellate counsel.  Williams, 1995 WL 257883 at **4; see Murray v.

Carrier, 477 U.S. 478, 488 (1986) (constitutionally ineffective assistance of counsel is

"cause" for a procedural default).  Based on petitioner's affidavit, the panel assumed that

the prosecution used a peremptory strike to disqualify the sole African American member

of the venire panel, and concluded that appellate counsel's failure to raise a Batson claim

constituted deficient performance under the first prong of Strickland v. Washington, 466

U.S. 668, 687 (1984).  But, because of the lack of evidence in the record, the panel did

not assess whether petitioner was prejudiced by his attorney's failure to raise the Batson

issue.  Williams, 1995 WL 257883 at **5.  The panel thus remanded for the district court

2

to develop the factual record and determine whether "there is 'a reasonable probability that the result of the proceeding'--in this case, the disposition of Mr. Williams' direct appeal--would have been different had the Batson claim been raised on direct appeal." Id. On remand, the district court referred the matter to the magistrate judge, who held an evidentiary hearing. Based on testimony by petitioner, petitioner's trial and appellate counsel, and the prosecutor in the state criminal case, the magistrate found that petitioner failed to show a prima facie case of purposeful discrimination under Batson. The magistrate found that failure to raise the Batson issue did not prejudice the petitioner because there was insufficient evidence that any black juror had been disqualified by a preemptory challenge, and thus no reasonable basis for raising a Batson issue on direct appeal. After the magistrate recommended the petition be denied, petitioner filed objections and supplemental authority.

We have reviewed the briefs and the record, and conclude that the magistrate judge's fact finding in the Supplemental Report and Recommendation of April 15, 1996, which was adopted by the district court in its order of June 7, 1996, was not clearly erroneous and that the magistrate judge's report and the district court's order correctly analyzed the law and the scope of this court's remand order. Contrary to petitioner's argument, we do not read the remand order as precluding a finding that the prosecutor did not actually use a peremptory challenge in violation of Batson. The district court properly read the remand order as requiring the district court to determine the facts and examine

3

the merits of the <u>Batson</u> claim because when performance of appellate counsel is at issue the two <u>Strickland</u> prongs overlap.

We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of appealability. Therefore we deny its application and dismiss the appeal. We deny petitioner's request for appointed counsel to represent him in this appeal.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

4