105 F.3d 670
 97 CJ C.A.R. 68
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James W. WILLIAMS, Petitioner-Appellant,
v.
Stephen W. KAISER, Respondent-Appellee.
 No. 96-6214.
(D.C.No. CIV-92-1603-A)
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1997.
 
 Before ANDERSON, LOGAN and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This matter is before the court on petitioner James W. Williams' application for a certificate of appealability (formerly a certificate of probable cause). His right to appeal the federal district court's denial of habeas corpus relief is conditioned upon this court granting a certificate of appealability. 28 U.S.C. § 2253. The law, as recently amended, instructs that we may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right," and we "indicate which specific issue or issues satisfy [that] showing." Id. § 2253(c)(2) and (3). Petitioner's remaining ground for relief after a prior appeal and remand, see William v. Kaiser, No. 94-6388, 1995 WL 257883 (10th Cir. May 2, 1995), is his constitutional right to equal protection under Batson v. Kentucky, 476 U.S. 79 (1986).
 
 
 4
 The remand order addressed whether petitioner's procedural default of his Batson claim should be excused based on petitioner's assertion that he received ineffective assistance of appellate counsel. Williams, 1995 WL 257883 at ---4; see Murray v. Carrier, 477 U.S. 478, 488 (1986) (constitutionally ineffective assistance of counsel is "cause" for a procedural default). Based on petitioner's affidavit, the panel assumed that the prosecution used a peremptory strike to disqualify the sole African American member of the venire panel, and concluded that appellate counsel's failure to raise a Batson claim constituted deficient performance under the first prong of Strickland v. Washington, 466 U.S. 668, 687 (1984). But, because of the lack of evidence in the record, the panel did not assess whether petitioner was prejudiced by his attorney's failure to raise the Batson issue. Williams, 1995 WL 257883 at ---5. The panel thus remanded for the district court to develop the factual record and determine whether "there is 'a reasonable probability that the result of the proceeding'--in this case, the disposition of Mr. Williams' direct appeal--would have been different had the Batson claim been raised on direct appeal." Id. On remand, the district court referred the matter to the magistrate judge, who held an evidentiary hearing. Based on testimony by petitioner, petitioner's trial and appellate counsel, and the prosecutor in the state criminal case, the magistrate found that petitioner failed to show a prima facie case of purposeful discrimination under Batson. The magistrate found that failure to raise the Batson issue did not prejudice the petitioner because there was insufficient evidence that any black juror had been disqualified by a preemptory challenge, and thus no reasonable basis for raising a Batson issue on direct appeal. After the magistrate recommended the petition be denied, petitioner filed objections and supplemental authority.
 
 
 5
 We have reviewed the briefs and the record, and conclude that the magistrate judge's fact finding in the Supplemental Report and Recommendation of April 15, 1996, which was adopted by the district court in its order of June 7, 1996, was not clearly erroneous and that the magistrate judge's report and the district court's order correctly analyzed the law and the scope of this court's remand order. Contrary to petitioner's argument, we do not read the remand order as precluding a finding that the prosecutor did not actually use a peremptory challenge in violation of Batson. The district court properly read the remand order as requiring the district court to determine the facts and examine the merits of the Batson claim because when performance of appellate counsel is at issue the two Strickland prongs overlap.
 
 
 6
 We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of appealability. Therefore we deny its application and dismiss the appeal. We deny petitioner's request for appointed counsel to represent him in this appeal.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3