James Ray STEELE, Petitioner–
Appellant,

v.

Leroy YOUNG, Warden; Attorney General of the State of Oklahoma, Respondents–Appellees.

No. 93–7004.

United States Court of Appeals,
Tenth Circuit.

Dec. 8, 1993.

SUBMITTED ON THE BRIEFS.*

James Ray Steele, pro se.

Susan Brimer Loving, Atty. Gen., and Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, OK, for appellees.

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. Steele also argues on appeal ineffective assistance of counsel and lack of counsel beyond his direct appeal. He did not raise these issues until his Fed.R.Civ.P. 59(e) motion to amend or alter the district court's judgment, which is too late. We will not address issues that were not considered and ruled upon by the district court. *Farmers Ins. Co. v. Hubbard*, 869 F.2d 565, 570 (10th Cir.1989). Rule 59(e) provides a means "to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). Rule 59(e) cannot be used to expand a judgment to encompass new issues which

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

■ James Ray Steele appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Steele contends that his multiple convictions and consecutive sentences from an Oklahoma state court violate the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment; that the Oklahoma post-conviction procedures deprived him of due process; and that the federal district court erred in denying his § 2254 petition without granting him an evidentiary hearing.[1] We affirm.

## BACKGROUND

■ Steele took part in a fight and shooting at a tavern near Calera, Oklahoma, on September 4, 1982.[2] During the incident, Steele brandished a pocket knife with the blade opened. He was then struck in the head by a pool cue. Steele then left the bar, retrieved a shotgun from his truck, and began shooting toward the tavern. The bartender, who had stepped outside the tavern with a handgun and fired at least once, was shot and later died. Steele then fired his shotgun an indefinite number of times into the tavern through an open window, wounding several patrons.

could have been raised prior to issuance of the judgment. *Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1152 (5th Cir.1992); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.), *cert. denied*, 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988).

2. The facts as described in this opinion are taken from the Oklahoma Court of Criminal Appeals' opinion affirming Steele's conviction, *Steele v. Oklahoma*, No. F–84–246, (Okla.Crim.App. May 19, 1986), which is in the record on appeal. R. Vol. I, Tab 14, Exhibit A. Explicit and implicit findings of historical facts by the state trial and appellate courts are presumed correct. 28 U.S.C. § 2254(d); *Case v. Mondragon*, 887 F.2d 1388, 1392–93 (10th Cir.1989), *cert. denied*, 494 U.S. 1035, 110 S.Ct. 1490, 108 L.Ed.2d 626 (1990). Based on the statements of fact in both parties' briefs and the issues raised in Steele's petition, the presumption of correctness as to these facts is appropriate.

Steele was tried and convicted in 1983 by an Oklahoma jury of the following crimes: (1) murder in the second degree; (2) assault and battery with a deadly weapon with intent to kill, in violation of Okla.Stat.Ann. tit. 21, § 652; and (3) assault and battery with a dangerous weapon, in violation of Okla.Stat. Ann. tit. 21, § 645. He was sentenced to consecutive prison terms of life, 20 years, and 10 years, respectively, and is currently in an Oklahoma state prison serving the balance of his time.[3]

Steele appealed his conviction to the Oklahoma Court of Criminal Appeals. On his direct appeal, he alleged the following errors: (1) The State failed to prove the crimes charged beyond a reasonable doubt; (2) the prosecutor misstated the law and misled the jury in closing argument; and (3) the sentences imposed were excessive. The Oklahoma Court of Criminal Appeals affirmed the conviction on May 19, 1986.

On February 22, 1991, Steele filed an application for post-conviction relief with an Oklahoma district court, raising double jeopardy issues for the first time. His application was summarily dismissed by the district court on the grounds that "[t]he matters raised [in his application] could have been raised on direct appeal and there is no showing as to why they were not...." The Oklahoma Court of Criminal Appeals affirmed, stating:

> Petitioner has not shown that he is entitled to any relief in a post-conviction proceeding. The issues he now raises either were or could have been raised in his direct appeal and he has not stated any reasons for not asserting or for inadequately raising said issues. 22 O.S.1981, § 1086; *Maines v. State,* 597 P.2d 774 (Okla.Cr. 1979).

The court of appeals did not discuss the merits of the double jeopardy allegations.

Steele subsequently filed this federal petition, pro se, for a writ of habeas corpus. The magistrate judge recommended denying Steele's petition, finding his due process claim meritless and his double jeopardy contentions procedurally barred. The district court adopted the magistrate judge's recommendations and issued an order denying the petition. After Steele unsuccessfully moved for reconsideration of the district court's judgment under Federal Rule of Civil Procedure 59(e), he brought this appeal.

## DISCUSSION

### I.

■ Steele's primary contention is that he was subjected to double jeopardy both by his multiple-count conviction and by his consecutive prison sentences. The district court dismissed this issue on the grounds of procedural bar without reaching the merits. We agree that the issue is barred.

■ On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown. *Coleman v. Thompson,* — U.S. —, —, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Shafer v. Stratton,* 906 F.2d 506, 509–10 (10th Cir.), *cert. denied,* 498 U.S. 961, 111 S.Ct. 393, 112 L.Ed.2d 402 (1990).[4] The procedural bar applied to Steele's double jeopardy claim in state court was clearly an "independent" state ground as it was the exclusive basis for the state court's holding, quoted above. *See Ake v. Oklahoma,* 470 U.S. 68, 75, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985); *Andrews v. Deland,* 943 F.2d 1162, 1188 n. 40 (10th

---

**3.** Both parties on appeal state the first count of Steele's conviction as being shooting with intent to kill, in violation of Okla.Stat.Ann. § 652, and state that he was sentenced to 10 years imprisonment on this count. If that is in fact the crime for which Steele was convicted and his sentence, rather than second-degree murder, the record before us does not reflect it. This discrepancy has no effect, however, on the issues presented in this appeal.

**4.** Steele does not contest the independence or adequacy of the state court's decision, but because he appears pro se we elect in this case to construe his claims liberally and proceed as though he does. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Osborn v. Shillinger,* 997 F.2d 1324, 1328 n. 1 (10th Cir.1993).

Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992).

■ The question of whether the state procedural bar was "adequate" to support the decision is generally more difficult. We have found state procedural bar rules inadequate to preclude federal review where the state court has not applied the bar "strictly or regularly" to the type of claim at issue. *See Gutierrez v. Moriarty,* 922 F.2d 1464, 1469–71 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 140, 116 L.Ed.2d 106 (1991); *Coleman v. Saffle,* 869 F.2d 1377, 1383 (10th Cir.1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1835, 108 L.Ed.2d 964 (1990). Oklahoma courts, however, have not inconsistently applied the procedural bar of Okla.Stat. Ann. tit. 22, § 1086 to untimely double jeopardy claims. Furthermore, it has been stated clearly that section 1086 "strictly" prohibits raising issues that could have been raised before, even issues involving fundamental, constitutional rights.[5] *See Johnson v. State,* 823 P.2d 370, 372 (Okla.Crim.App.1991) (post-conviction relief "strictly limited" to those claims which could not have been raised on direct appeal, and claims for which the factual bases were available in an earlier proceeding are procedurally barred); *see also Jones v. State,* 704 P.2d 1138, 1140 (Okla.Crim.App.1985) (rejecting argument that constitutional issues are not subject to section 1086 default).[6] Thus, the Oklahoma Court of Criminal Appeals' holding rested on

an adequate, as well as independent, state ground.

■ Steele has shown neither cause for his state default nor a fundamental miscarriage of justice. "Cause" must be "something external to the petitioner, something that cannot fairly be attributed to him...." *Coleman v. Thompson,* —— U.S. at ——, 111 S.Ct. at 2566; *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). Steele's status as a pro se petitioner and his deficiencies in reading and writing skills are not external factors that prevented Steele or his counsel from raising the double jeopardy issue on direct appeal. Thus, they do not constitute "cause" for the default.[7] *See Rodriguez v. Maynard,* 948 F.2d 684, 687–88 (10th Cir.1991). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)). Steele has not made any showing or claim that he is factually innocent.[8] We therefore hold the double jeopardy issue procedurally barred from federal habeas review.

## II.

■ In any event, Steele's double jeopardy claims would fail on the merits. He

---

**5.** In *Gutierrez,* we suggested in dicta that Oklahoma courts applied an exception to procedural bar for fundamental constitutional error, as recognized by the Supreme Court in *Ake,* 470 U.S. at 74–75, 105 S.Ct. at 1091–92. 922 F.2d at 1468–69. This fundamental error exception may still apply in Oklahoma to cases on direct appeal, so that the right to directly appeal fundamental constitutional errors is not lost because of the defendant's failure to object to the errors at trial. *Ake,* we note, is a direct review case. Recent Oklahoma cases have made clear, however, that the fundamental error exception does not apply to claims for which the right to seek post-conviction relief has been forfeited.

**6.** In *Coleman v. Saffle,* we held that Oklahoma's section 1086 procedural bar is not "strictly followed" with respect to issues for which the law has changed subsequent to the petitioner's appeal. 869 F.2d at 1383. For Steele, however, the law of double jeopardy has not changed. Though the Supreme Court modified its double

jeopardy analysis in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) (overruled by *United States v. Dixon,* —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)), Steele could not have received the benefit, if any, from this temporarily altered standard because his conviction became final several years prior to *Grady. See Teague v. Lane,* 489 U.S. 288, 295–96, 109 S.Ct. 1060, 1067–68, 103 L.Ed.2d 334 (1989).

**7.** As Steele not shown cause, we need not discuss whether he has been actually prejudiced.

**8.** Moreover, Steele would not show factual innocence by prevailing on the merits of his double jeopardy claim. Doing so would show only "legal innocence" of part of his conviction. *See Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992); *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986).

claims that it was double jeopardy to (1) convict him under both section 645 (assault and battery with a dangerous weapon) and section 652 (assault and battery with a deadly weapon with intent to kill) of Okla.Stat. Ann. tit. 21, and (2) to order his sentences to run consecutively. We turn to Oklahoma law to determine whether Steele committed one or more than one offense for double jeopardy purposes, *see Mansfield v. Champion*, 992 F.2d 1098, 1100 (10th Cir.1993), and find that Okla.Stat.Ann. tit. 21, § 645 crimes are lesser-included crimes of those enumerated in section 652. *Favro v. State*, 749 P.2d 127, 133 (Okla.Crim.App.1988). Thus, under the "Blockburger" or "same elements" test, Steele could not be convicted under both statutes if he committed only one assault and battery, because section 645 does not contain any elements not also contained in section 652. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *United States v. Dixon*, — U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (overruling "same conduct" test of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)). However, if he committed more than one assault and battery, Oklahoma law clearly permitted charging Steele under both sections, 645 and 652, even though the offenses arose out of the same general episode or transaction. *Jennings v. State*, 506 P.2d 931, 935 (Okla.Crim.App. 1973) ("[W]here crimes against the person are involved, even though various acts are part of the same transaction, they will constitute separate and distinct crimes where they are directed at separate and distinct persons."). The facts, as gleaned from Oklahoma state court documents which are before us, show that Steele committed acts of assault and battery against two different persons (Oscar Ashley, Sr., and Tony Ashley) during the single episode of violence at the tavern, and that each count charged violence against a separate victim. Thus, on the merits, we would find no double jeopardy in Steele's multiple-count conviction.[9]

Similarly, we would find no double jeopardy in Steele's consecutive sentences. Consecutive sentences are not a *per se* violation of the Double Jeopardy Clause, as Steele seems to contend. *See Albernez v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Whether sentences can be imposed consecutively for two offenses is a question of legislative intent, *id.* at 344, 101 S.Ct. at 1145, and Oklahoma law permits the imposition of consecutive sentences for multiple violations of Okla.Stat.Ann. tit. 21, §§ 645 and 652. *Carpenter v. State*, 668 P.2d 347, 350 (Okla.Crim.App.1983).

## III.

Steele also condemns the "Oklahoma appellate court system as a whole," charging it with a "systematic scheme" to deny him and others similarly situated due process. Steele could have, and should have, brought this claim in state court, but he did not. Thus, he failed to exhaust his available state remedies as required by 28 U.S.C. § 2254(b).[10] *Coleman v. Thompson*, — U.S. at ——, 111 S.Ct. at 2555 (exhaustion, based on principle of comity, ensures that states have the first opportunity to address and correct alleged violations of state prisoners' federal rights).

---

9. Steele filed an affidavit in support of his petition on November 15, 1993, reiterating his position that he has been subjected to double jeopardy. His affidavit adds nothing that changes our analysis or conclusion with respect to procedural default or the merits of his double jeopardy claim.

10. The government erroneously conceded in its response to Steele's habeas petition that Steele had exhausted his state court remedies, and it did not raise the procedural bar defense to Steele's due process claim. R. Vol. I, Tab 14, at 2. Accordingly, the district court ruled that the due process challenge was meritless. *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218, *reh'g granted on other grounds*, 888 F.2d 1286 (10th Cir.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3256, 111 L.Ed.2d 765 (1990). We raise the nonexhaustion issue *sua sponte* under our rationale explained in *Hardiman v. Reynolds*, 971 F.2d 500, 502–04 & n. 4 (10th Cir.1992); *see also Granberry v. Greer*, 481 U.S. 129, 133–34, 107 S.Ct. 1671, 1674–75, 95 L.Ed.2d 119 (1987) (court may consider an untimely raised nonexhaustion defense); *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir.1987) (nonexhaustion principle transcends the concerns of the parties and can be invoked by the court on its own motion).

Steele's unexhausted due process claim makes his a mixed petition—one containing both exhausted and unexhausted claims. Ordinarily, mixed petitions must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). If, however, it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless "judicial ping-pong" and hold the claim procedurally barred from habeas review. *Coleman v. Thompson,* —— U.S. at —— n. 1, 111 S.Ct. at 2557 n. 1; *Harris v. Reed,* 489 U.S. 255, 269–70, 109 S.Ct. 1038, 1046–47 (O'Connor, J., concurring).

We are confident that the Oklahoma courts would apply the same procedural default rule to Steele's due process claim, if brought today in an application for post-conviction relief, that they applied to his double jeopardy claim. Okla.Stat.Ann. tit. 22, § 1086; *Hale v. State,* 807 P.2d 264, 266–67 (Okla.Crim.App.), *cert. denied,* —— U.S. ——, 112 S.Ct. 280, 116 L.Ed.2d 231 (1991). Further, we find that Steele would be unable to show cause for this default because his untimeliness appears more attributable to the claim being an afterthought—after he was denied state relief—than to any "external" factors. *Murray,* 477 U.S. at 492, 106 S.Ct. at 2647. Likewise, as Steele has not alleged his innocence in connection with this claim, the miscarriage of justice exception is inapplicable. *Herrera,* —— U.S. at —— ——, 113 S.Ct. at 862–63. Thus, his due process claim is procedurally barred.

Even if it was not barred, Steele's claim challenging the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding. *Hopkinson v. Shillinger,* 866 F.2d 1185, 1218–19, *reh'g granted on other grounds,* 888 F.2d 1286 (10th Cir.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3256, 111 L.Ed.2d 765 (1990).

### IV.

Steele alleges two errors by the district court in denying his habeas petition: (1) that he was denied an opportunity to amend his petition to cure the defects that caused it to be rejected, and (2) that he was wrongfully denied an evidentiary hearing for his § 2254 petition. We find no error.

His first contention is inaccurate and meritless, as the record reflects that Steele never attempted to amend his petition prior to the district court's order denying it. His second contention, seeking an evidentiary hearing, is equally without merit. Steele's habeas petition raises only issues of law. Where there is no factual dispute, an evidentiary hearing is not necessary. *Coleman v. Saffle,* 912 F.2d 1217, 1229 (10th Cir.1990), *cert. denied,* 497 U.S. 1053, 111 S.Ct. 22, 111 L.Ed.2d 834 (1990); *Bowen v. Murphy,* 693 F.2d 104, 105 (10th Cir.1982). Steele's basis for wanting an evidentiary hearing is to present proof that Oklahoma courts have a history of refusing to follow Supreme Court holdings and otherwise conspiring to deny due process. This is insufficient to mandate an evidentiary hearing. 28 U.S.C. § 2254(d).

AFFIRMED.