21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven L. CISZKOWSKI, Petitioner-Appellant,
v.
Bobby BOONE, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6380.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Steve L. Ciszkowski, a pro se state court prisoner, brought this petition for a writ of habeas corpus. He alleges that his criminal conviction in state court was constitutionally defective because he was denied effective assistance of trial and appellate counsel, his conviction was obtained by use of an involuntary confession, and his confession violated his privilege against self-incrimination. The case was referred to a federal magistrate judge, who recommended that relief be denied. The district court reviewed the issues de novo, concurred with the findings and recommendation of the magistrate judge, and denied the writ. Mr. Ciszkowski appeals and we affirm.[2]
 
 
 3
 Petitioner did not raise in the direct appeal of his state court conviction any of the issues he asserts here. He presented these issues for the first time in his state court petition for post-conviction relief. In its order denying petitioner's request for state post-conviction relief, the Oklahoma Court of Criminal Appeals ruled that because his trial and direct appeal were handled by different attorneys, the issue of ineffective trial counsel could have been raised on direct appeal. The court held that petitioner's failure to do so barred him from raising it in post-conviction proceedings. The court further held on the merits that petitioner's appellate counsel on direct appeal was adequate.
 
 
 4
 In recommending dismissal of petitioner's federal habeas action, the magistrate judge concluded that the state court had expressly relied on its procedural default rule in refusing to address petitioner's claim that his trial counsel was inadequate. The magistrate judge further concluded that the default rule was an adequate and independent state ground, and that petitioner's default therefore barred federal habeas review of this claim absent a showing of cause and prejudice. The magistrate judge recognized the petitioner could establish cause by showing that his appellate counsel was inadequate, but concluded on the record before it that appellate counsel had been competent. Accordingly, the magistrate judge held that petitioner's failure to raise on direct appeal the adequacy of trial counsel, or the issues pertaining to his confession, barred federal consideration of these issues. We have carefully reviewed the analysis and authorities relied on by the magistrate judge and concurred in by the district judge in resolving these issues. We find no reversible error.
 
 
 5
 In so doing, we address petitioner's assertion that the Oklahoma courts do not apply their procedural bar rule to fundamental, constitutional errors. The magistrate viewed this argument as asserting that petitioner falls within the "fundamental miscarriage of justice" exception to the requirement that he show cause for his procedural default. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). In our view, however, petitioner, by citing to Ake v. Oklahoma, 470 U.S. 68 (1985), is instead arguing that the Oklahoma courts only apply their procedural bar after an implicit or explicit determination that the claimed error is not fundamental. Thus, petitioner argues that because fundamental or constitutional errors are always considered on the merits, they are never subject to procedural bar. We disagree. Although this fundamental error exception may apply to Oklahoma cases on direct appeal, "[r]ecent Oklahoma cases have made clear, however, that the fundamental error exception does not apply to claims for which the right to seek post-conviction relief has been forfeited." Steele v. Young, 11 F.3d 1518, 1522 & n. 5 (10th Cir.1993).
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We grant petitioner's application for a certificate of probable cause