83 F.3d 431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CIG EXPLORATION, INC., Plaintiff-Counter-Defendant-Appellant,
v.
TENNECO OIL COMPANY; Mt. Carmel Trust; G.A. Hill, Trustee
for Mt. Carmel Trust; Hanover Petroleum Corporation; GLM
Oil & Gas; Decalta International Corporation; Mendell M.
Bell Estate; Colleen L. Daleske, Personal Representative of
Mendell M. Bell Estate; R.S. McKnight; Lyla L. Vicklund;
Seneca Oil Company; Prudential Energy Company, Defendants-Appellees,
and
ENRON DEFENDANTS; Enron Oil & Gas Company; Burk Royalty
Co.; Decalta International Corporation; John R. Anderson;
Carol L. Hatch; Betty Garff; Alf R. Thompson; Ruth C.
Lee; Dorothy S. Cannon Estate; M. Warnock, Personal
Representative of Jack Warnock Estate; Lavon S. Hill;
David A. Hill; Laura E. Lacy; Kimberly Hill Campbell;
Lori L. Hill Schafer; Paul T. Walton; E. Carolyn Hager;
E. Carolyn Hager; Trustee for Dorsey Hager Trust; Francis
Minton, Personal Representative of Estate of Robert J.
Minton; Minton Investment Co.; Raymond T. Duncan; Vincent
Duncan; John H. Morgan, Jr.; Utah Resources International,
Inc.; and John H. Morgan, Jr., Co-Personal Representative
of Estate of John H. Morgan, Sr.,
Defendants-Counter-Claimants-Appellees.
 No. 95-4019.
(D.C.No. 91-CV-965)
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order granting summary judgment to defendants. See CIG Exploration, Inc. v. Hill, 824 F.Supp. 1532 (D.Utah 1993). The pertinent factual and procedural background is set out in the district court's thorough opinion, and need not be repeated here. Further, although plaintiff pursued, and the district court dismissed, several state and federal claims, plaintiff limits this appeal to a single issue relating to only one claim: whether the district court erred in applying a state statute of limitations to its federal cause of action for equitable reimbursement. For the reasons that follow, we decline to address this point on waiver grounds[2] and, accordingly, affirm.
 
 
 3
 Defendants argue, and we agree, that the issue plaintiff now seeks to raise was not presented to the district court during the summary judgment proceedings, when plaintiff maintained that its federal claim was viable because the state statute of limitations had been complied with. Out of all the pertinent pleadings, motions, memoranda, and oral argument documented in the record, plaintiff has been able to cite but one passing remark by counsel touching on the applicability of the limitations statute, consisting of an incidental reference to a statement in a decision actually relied on by plaintiff for its accrual argument under the statute. See Reply Br. of Appellant at 3 n. 1. This is precisely the sort of vague, unpursued comment that, by failing to alert anyone to a potential issue, does not present or preserve it for review. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721, 722 (10th Cir.1993)("vague, arguable references to [a] point in the district court proceedings do not ... preserve the issue on appeal;" "[s]imilarly ... where an issue is raised but not pursued in the trial court, it cannot be the basis for the appeal"). We also note that the summary judgment order's "discussion regarding [plaintiff's federal claim] reveals no evidence that the court was aware [plaintiff] was asserting [the state statute did not apply]." First Sec. Bank v. Taylor, 964 F.2d 1053, 1056 (10th Cir.1992).
 
 
 4
 Plaintiff finally did question, among other things, the applicability of the state limitations statute in a motion for reconsideration, which the district court summarily denied without any substantive recognition or analysis of the newly raised issue. Instead, the district court focused on general procedural principles of finality, law of the case, and proper motions practice:
 
 
 5
 After full briefing and argument by the parties [in the summary judgment proceedings], and the court's careful consideration of the issues, the court has chosen a position different than that asserted by [plaintiff]. United States District Court for the District of Utah Rule of Practice 202 provides the procedure by which parties file motions with the court. That procedure was followed by all involved and the court's decision of June 22, 1993 now is the law of the case. There must be some reasonable finality to decisions; otherwise litigation would proceed indefinitely with the 'loser' having the opportunity to critique decisions and reargue matters already decided. Neither Rule 202 nor the Federal Rules of Civil Procedure contemplates such a process. Accordingly, ... [plaintiff's] Motion to Reconsider ... is denied.
 
 
 6
 Appellant's Appendix Vol. VII at 1254-55.
 
 
 7
 Under the circumstances, we deem plaintiff's belated attempt to question the application of the state statute to its federal equitable claim insufficient to preserve the issue for review. See Burnette v. Dresser Indus., 849 F.2d 1277, 1285 (10th Cir.1988); see also Lyons, 994 F.2d at 723; Steele v. Young, 11 F.3d 1518, 1520 n. 1 (10th Cir.1993); cf. Oyler v. Allenbrand, 23 F.3d 292, 300 n. 10 (10th Cir.) (noting that motion for reconsideration is not proper vehicle to raise new grounds, but reaching merits thereof because district court "considered ... supplementary material and ruled on the [new] issues raised"), cert. denied, 115 S.Ct. 278 (1994). Further, plaintiff "has not asked us to address this issue under a plain error standard, and we decline to do so sua sponte." United States v. Janus Indus., 48 F.3d 1548, 1559 (10th Cir.1995), cert. denied, 116 S.Ct. 87 (1995). In contrast, plaintiff has requested we exercise our discretion to wholly disregard its procedural omission and review the waived limitations issue on the merits (under ordinary appellate standards), but in our judgment this case does not present the "most unusual circumstances" warranting such extraordinary relief. See Lyons, 994 F.2d at 721.
 
 
 8
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 A fortiori, we do not reach the more fundamental question, unaddressed by the parties on this appeal, whether a federal common law cause of action for equitable reimbursement should even be recognized