UNITED STATES COURT OF APPEALS
**Filed 6/6/96**
TENTH CIRCUIT

ROBERT L. THOMAS,

     Petitioner - Appellant,

v.

MIKE ADDISON, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 95-6302

(D.C. No. CIV-94-955-R)

(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN and MURPHY, Circuit Judges.

Petitioner Robert L. Thomas, a state prisoner appearing pro se and in forma pauperis, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 as procedurally defaulted.[1] We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner pleaded guilty in an Oklahoma state court to one count of driving under suspension and six counts of possession of a forged instrument after having a former conviction of two or more felonies.[2] The state court imposed a fine and costs on the driving under suspension count, and sentenced petitioner to twenty years on each of the counts for possession of a forged instrument, counts II through VII. The court ordered counts II-IV to be served concurrently with each other. The sentences on counts V-VII were to be served concurrently with each other but consecutively to counts II-IV; the court, however, suspended the sentences on counts V-VII.

At his plea and sentencing hearing, the court asked petitioner, "Did you know that each of these instruments were forged at the time you had them?" Petitioner responded, "Yes, I did." I R. doc. 36, ex. I at 11. The court then advised petitioner of his right to directly appeal his conviction by withdrawing his guilty plea within ten days of the judgment. The court further inquired if petitioner wanted to withdraw his guilty plea for a jury trial or to appeal. Petitioner responded that he did not want to withdraw his guilty plea. He stated on the record that he did not wish to appeal.

Approximately one year later petitioner filed his first application for state post-conviction relief. In that petition he claimed he was arrested without probable cause, the Oklahoma Department of Corrections lacked jurisdiction to incarcerate him, his sentence was

---

[2] Apparently petitioner possessed six money orders worth a total of twelve dollars, which had been partially erased. As part of the plea agreement the state agreed not to file an additional charge that petitioner had actually passed a seventh altered money order.

illegal, and his counsel was constitutionally ineffective--this based on his belief that his attorney negotiated an unfair plea agreement because he received a "40 year sentence for a $12.00 misdemeanor offense." Petitioner's Br. at 3. The state court denied his application. Three days later petitioner filed an amended application for post-conviction relief and then a second amended application and a notice of appeal from the denial of his original application. The state court denied the second amended application on April 13, 1994.

Petitioner did not appeal the orders denying his post-conviction relief applications until October 1994. The Oklahoma Court of Criminal Appeals denied his appeal on the procedural grounds that petitioner had failed to file his appeal within the prescribed time and had failed to attach a certified copy of the trial court's order.

Petitioner filed this federal habeas corpus action in June 1994, basically repeating the same four grounds for relief that he raised in state court. The district court ruled that petitioner had procedurally defaulted his claims and had failed to show that a fundamental miscarriage of justice would result from the failure to review his claims. Thus, the district court held that Coleman v. Thompson, 501 U.S. 722, 750 (1991), barred review of petitioner's claims.

In Oklahoma, an appeal of a guilty plea must commence with the filing of a motion to withdraw the plea within ten days of judgment. If the motion is denied, it may be appealed to the Oklahoma Court of Criminal Appeals. Okla. Stat. Ann. tit. 22, § 1051; Okla. R. Crim. App. 4.2(A). Post-conviction relief is unavailable in Oklahoma to defendants who failed to

3

perfect a timely direct appeal unless the defendant "shows sufficient reason [why the claim] was not asserted or was inadequately raised in [a] prior application." Okla. Stat. Ann. tit. 22, § 1086 (West 1986).

Petitioner does not contest the fact he failed to take a direct appeal from his convictions following his guilty plea. Petitioner states that he told his attorney to appeal and that the time for appeal had elapsed before he discovered his attorney had not appealed. Other than denying their veracity, however, petitioner has not provided any evidence controverting the statements in his trial counsel's affidavit or the plea and sentencing transcript that petitioner wanted to avoid a jury trial and did not want to appeal. See I R. doc. 36, ex. V. He failed to show cause for his state court procedural default. We do not reach the actual prejudice analysis if a petitioner has not established cause for his default. Steele v. Young, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

A petitioner may still overcome procedural default if he establishes that a fundamental miscarriage of justice will otherwise occur. This exception applies "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner failed to show a probability that he is actually innocent of any of the crimes to which he pleaded guilty. He claims that he is "[i]nnocent of committing any Forgery or Felony offense in Cimarron County Oklahoma." I R. doc. 46. He was not charged with forgery, however, he was charged and pleaded guilty to six counts of possession of a forged instrument after two prior felony convictions.

4

Petitioner has not shown a probability that he is actually innocent; thus, the fundamental miscarriage of justice exception is inapplicable.

We also note the general rule foreclosing collateral attack on a counseled and voluntary guilty plea. In United States v. Broce, 488 U.S. 563 (1989), the Court stated:

> [W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

Id. at 569. Our review of the record shows that petitioner had counsel and pleaded guilty voluntarily. Thus, he is not entitled to collaterally attack his plea.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

5