**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD DEAN LOWE,

       Petitioner-Appellant,

v.

RON CHAMPION and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

       Respondents-Appellees.

No. 96-6075
(D.C. No. CIV-95-1012-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.


       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 urging collateral relief from the sentence imposed after he pled nolo contendere to a charge of first degree perjury. Petitioner stated in his petition that he did not appeal the perjury conviction because he did not want to withdraw the plea of nolo contendere, which would have been required to pursue a direct appeal. See R. Doc. 2 at 3. The district court dismissed the petition and granted a certificate of probable cause.[1] Our jurisdiction arises under § 2253, and we affirm.[2]

In order for a petitioner to bring a claim to a federal court under § 2254, "the substance of [his] federal habeas corpus claim must first be presented to the state courts." Picard v. Connor, 404 U.S. 270, 278 (1971). When a petition

---

[1] Section 2253 was amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under the Act, state prisoners must now obtain a certificate of appealability, rather than a certificate of probable cause, in order to appeal the denial of a § 2254 petition. Here, because both the granting of the certificate of probable cause and the filing of the appeal occurred before the amendment of § 2253, the district court properly applied the version of § 2253 then in effect. See Nickel v. Hannigan, 97 F.3d 403, 407 n.4 (10th Cir. 1996), cert. denied, 1997 WL 85531 (U.S. Mar. 3, 1997). Respondents' motion for consideration of a certificate of appealability and petitioner's "motion for extension of time and furnishment of case law" in response to it are both denied.

[2] The district court's judgment was entered on January 9, 1996. The notice of appeal was docketed as being filed on February 23. Petitioner has provided this court with sufficient documentation to establish that the notice of appeal was given to prison authorities within the time proscribed for filing a notice of appeal. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 270 (1988).

contains claims that have not been first presented to a state court, those claims are considered to be unexhausted, and the federal court is required to dismiss such petitions. See Rose v. Lundy, 455 U.S. 509, 510 (1982). Because he did not appeal his perjury conviction, petitioner did not exhaust his state court remedies.

Additionally, because petitioner did not pursue a direct appeal of his perjury conviction, his claim is procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 724 (1991). Oklahoma courts consistently prohibit post-conviction collateral relief based on claims that could have been raised on direct appeal but were not. See Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993). Petitioner has shown neither cause nor prejudice nor a fundamental miscarriage of justice which would excuse his procedural default and allow a federal court to examine the merits of his claim. See id. "'Cause' must be 'something external to the petitioner, something that cannot fairly be attributed to him. . . .'" Id. (quoting Coleman, 501 U.S. at 753). Petitioner's decision not to appeal his perjury conviction because of his reluctance to renounce his nolo contendere plea does not establish cause. Because petitioner has made no

"colorable showing of factual innocence," <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993) (further quotation omitted), there is no basis upon which to conclude that failure of the federal court to hear petitioner's claim will result in a fundamental miscarriage of justice.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge