**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VALENTIN BENAVIDEZ III,

     Petitioner-Appellant,

v.

TOM C. MARTIN, Warden; State of
Oklahoma,

     Respondents-Appellees.

No. 98-6277

(D.C. No. CIV-97-495-L)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Petitioner was convicted after

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

entering blind pleas of guilty to a count of first degree rape, two counts of forcible oral sodomy, and two counts of indecent or lewd acts with a child under sixteen. Petitioner was sentenced to thirty years' imprisonment to be served consecutively to four twenty-year concurrent sentences. After receiving his sentence, Petitioner filed an application to withdraw his guilty pleas in the Oklahoma County District Court. The court denied the motion after a hearing. Petitioner filed a notice of intent to appeal the court's denial of his application, but he never perfected this appeal. Acting pro se, Petitioner then filed an application for post-conviction relief in the Oklahoma district court in which he asserted a claim that he did not actually rape his victim and a claim of ineffective assistance of counsel based on his lawyer's alleged failure to object to the factual allegations asserted by the prosecutor at the plea hearing. The court also denied this motion on the merits. Petitioner appealed this denial, but the Oklahoma Court of Criminal Appeals dismissed the appeal as time-barred because Petitioner failed to file his petition in error within the governing time period. See Okla. Crim. App. R. 5.2(C).

In his section 2254 petition, Petitioner alleged that he was denied his due process right to a direct appeal because his retained counsel abandoned him after filing a notice of appeal but before perfecting the appeal. Petitioner also sought appointment of counsel and necessary records at public expense to perfect an out-

of-time appeal. Respondent moved to dismiss the petition on the basis of procedural default. Respondent alleged that Petitioner waived his right to assert the claims he raised in his application to withdraw his guilty pleas and his application for post-conviction relief for two reasons: first, he failed to perfect the appeal of the denial of his application to withdraw his guilty pleas; and second, he failed to timely appeal the denial of his post-conviction application. Respondent also argued that Petitioner's claim that his counsel abandoned him before perfecting his appeal was barred because he did not raise it in his application for post-conviction relief even though the facts and law surrounding the claim were available to him at the time he filed the application. According to Respondent, because Petitioner's claim that his counsel abandoned him before perfecting his appeal was distinct from the ineffective assistance of counsel claim that he raised in his post-conviction application, the new ineffective assistance of counsel claim should be procedurally barred.

The magistrate judge recommended denying the habeas petition because Petitioner's claims were procedurally barred and because Petitioner failed to show cause and prejudice or a fundamental miscarriage of justice. After reviewing Petitioner's objections, the district court adopted the magistrate judge's recommendations and denied the section 2254 petition. The court subsequently denied Petitioner a certificate of appealability to appeal the denial of habeas

relief.

On appeal, Petitioner renews his application for a certificate of appealability and asserts that the district court improperly denied his habeas corpus petition. Petitioner essentially alleges that the district court erred in finding that he procedurally defaulted his state court remedies. Petitioner also claims that even if his claims are procedurally barred, his attorney's failure to perfect his appeal amounted to ineffective assistance of counsel and denial of his right to counsel, which in turn established cause and prejudice sufficient to overcome the procedural bar. We review the district court's conclusions of law de novo, but we presume that the state court's factual findings are correct unless the record does not fairly support them. See Hatch v. Oklahoma, 58 F.3d 1447, 1453 (10th Cir. 1995), cert. denied, 517 U.S. 235 (1996). Our review of mixed questions of law and fact is de novo. See id. Defendant must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2).

The magistrate judge and the district court concluded that Petitioner's claims are procedurally barred. We agree. First, Petitioner procedurally defaulted on the claims asserted in Petitioner's application to withdraw his guilty pleas by failing to perfect his appeal from the denial of the application. Second, Petitioner defaulted on the claims he asserted in his post-conviction application

by failing to timely appeal the trial court's denial of that application. Finally, Petitioner is barred from raising the claims he asserted in his habeas petition because he failed to raise them in his application for post-conviction relief. See Okla. Stat. tit. 22, § 1086; Jackson v. Champion, 96 F.3d 1453 (10th Cir. 1996) (Table) (explaining that Oklahoma Court of Criminal Appeals has consistently applied section 1086 to bar claims that could have been raised in prior post-conviction proceedings), cert. denied, __ U.S. __, 117 S. Ct. 1264 (1997); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993) (stating that Oklahoma courts have clearly indicated that section 1086 strictly prohibits raising claims that could have been raised earlier, even if they involve fundamental rights).

We further agree with the district court that Petitioner has not established cause and prejudice or a fundamental miscarriage of justice sufficient to overcome the procedural bar. "On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele, 11 F.3d at 1521. Petitioner seems to argue that his counsel's failure to perfect his appeal of the denial of his application to withdraw his guilty pleas amounts to ineffective assistance of counsel and thus constitutes cause for each of his three procedural defaults. A showing of ineffective assistance of counsel typically demonstrates cause and prejudice sufficient to

overcome state procedural default. See Coleman v. Thompson, 501 U.S. 722, 754 (1991); Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir.), cert. denied, 515 U.S. 1148 (1995). Moreover, "[t]his court has vigorously scrutinized the adequacy of state rules involving procedural default which have the effect of barring federal habeas review of ineffective assistance of counsel claims." Hickman v. Spears, __F.3d__, No. 97-6008, 1998 WL 767447, at *2 (10th Cir. Oct. 27, 1998).

In this case, however, even if Petitioner demonstrates that ineffective assistance was the cause of his failure to perfect his appeal, he still must show cause for failing to raise his claim that his lawyer abandoned him before perfecting his appeal in his post-conviction application and for failing to timely appeal the denial of his post-conviction application. However, Petitioner proceeded pro se in his post-conviction proceeding. Further, he did not have a constitutional right to counsel in his post-conviction proceeding. See Coleman, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings."). Because Petitioner had neither counsel nor a right to counsel in his post-conviction proceeding, ineffective assistance of counsel cannot be the cause of his failure to raise the claim that his counsel abandoned him in his post-conviction application. See Coleman, 501 U.S. at 752 ("[A] petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings."). Nor can ineffective assistance be the cause of

-6-

Petitioner's failure to timely appeal the denial of his post-conviction application. See id.; Evitts v. Lucey, 469 U.S. 387, 394, 396 (1985) (stating that right to counsel is limited to first appeal as of right and encompasses right to effective assistance of counsel). Petitioner also has not shown that the application of a procedural bar will result in a fundamental miscarriage of justice because he has not made a claim of actual innocence on appeal. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

We decline to issue Petitioner a certificate of appealability because his claims are procedurally barred and he has not otherwise made a substantial showing of the denial of a constitutional right.

**DISMISSED**.

Entered for the Court

Monroe G. McKay
Circuit Judge