FILED
United States Court of Appeals
Tenth Circuit

January 24, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

DEMONT HOPSON,

Petitioner - Appellant,

v.

STATE OF KANSAS,

Respondent - Appellee.

No. 11-3248

D. Kansas

(D.C. No. 5:10-CV-03072-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

This matter is before the court on Demont Hopson's pro se request for a certificate of appealability ("COA").[1] Hopson seeks a COA so he can appeal the district court's dismissal, on grounds of procedural bar, of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order denying a § 2254 petition unless the petitioner first obtains a COA); *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (holding that "a state procedural default of any federal claim will bar federal habeas unless the petitioner demonstrates cause and actual prejudice"). Because Hopson has not

---

[1]Hopson's Motion for Leave to Proceed on Appeal IFP is hereby **granted**.

"made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in Kansas state court, Hopson was convicted of one count of possession of cocaine with intent to distribute after two prior convictions and one count of failing to obtain a tax stamp. Hopson was sentenced to a term of imprisonment of 154 months. The Kansas Court of Appeals affirmed Hopson's convictions and sentence, *State v. Hopson*, No. 93,543, 2006 WL 3056472, at *7 (Kan. Ct. App. Oct. 27, 2006), and the Kansas Supreme Court denied review. After the Kansas state trial court denied Hopson's motion for post-conviction relief, the Kansas Court of Appeals affirmed, *State v. Hopson*, No. 101, 135, 2009 WL 3378211, at *2 (Kan. Ct. App. Oct. 16, 2009), and the Kansas Supreme Court denied review. Hopson then filed the instant § 2254 habeas petition raising the following three claims: 1) denial of his right to confront a witness during his trial; 2) denial of his right to a fair trial because an officer committed perjury during his trial testimony; and 3) denial of his right to effective assistance of counsel. He also asserted errors in the denial of his Kansas state motion for post-conviction relief.

Determining the record conclusively demonstrated Hopson was not entitled to habeas relief, the district court dismissed Hopson's § 2254 petition without holding a hearing. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas

relief, a district court is not required to hold an evidentiary hearing.").  In

particular, the district court concluded each of Hopson's claims, including his

claim of ineffective assistance of counsel, was procedurally defaulted in state

court.  *Hopson v. Kansas*, No. 10-3072, 2011 WL 3651381, at *2-6 (D. Kan. Aug.

18, 2011).  The district court further concluded Hopson's challenges to Kansas'

post-conviction procedures failed to state a cognizable federal habeas claim.  *Id.*

at *7 (citing *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1998)).

Hopson now seeks to appeal the district court's order of dismissal.

The granting of a COA is a jurisdictional prerequisite to Hopson's appeal

from the denial of his § 2254 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003).  To be entitled to a COA, Hopson must make "a substantial showing of

the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the

requisite showing, he must demonstrate "reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve

encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (quotations

omitted).  When a district court dismisses a § 2254 petition on procedural

grounds, a petitioner is entitled to a COA only if he shows both that reasonable

jurists would find it debatable whether he had stated a valid constitutional claim

and debatable whether the district court's procedural ruling was correct.  *Slack v.*

*McDaniel*, 529 U.S. 474, 484-85 (2000).  In evaluating whether Hopson has

satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Hopson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Hopson's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Hopson is not entitled to a COA. In so ruling, this court has nothing to add to the district court's thorough analysis. *Hopson*, No. 10-3072, 2011 WL 3651381, at *2-7. Accordingly, this court **DENIES** Hopson's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-