**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MCKINLEY MAHAN,

       Petitioner-Appellant,

v.

STEVE HARGETT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

       Respondents-Appellees.

No. 96-6269
(D.C. No. CIV-96-456-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, and applies to this court for a certificate of appealability, as required by 28 U.S.C. § 2253(c)(1)(A) and (c)(2). Petitioner was convicted in Oklahoma state court of second degree murder and was sentenced to life imprisonment. His conviction was affirmed on direct appeal. Petitioner then sought post-conviction relief in the Oklahoma courts. Post-conviction relief was denied, and the denial was affirmed on appeal. His state remedies exhausted, petitioner then filed a petition for writ of habeas corpus in federal district court, which was denied. Petitioner now appeals the district court's denial of his petition.

With regard to the denial of a habeas corpus petition, we review the district court's findings of fact for clear error, and its legal conclusions de novo. See Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995). Applying these standards, we must, for the reasons set forth below, affirm the judgment in part, reverse in part, and remand the cause to the district court for further proceedings.

I

We begin by addressing the first issue raised by petitioner; whether the district court was correct in applying the standard set forth in 28 U.S.C. § 2253, as amended by the Antiterrorist and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), in denying petitioner's application for a

certificate of appealability. Petitioner argues that the district court should have addressed his application for a certificate of probable cause pursuant to the version of the statute in effect at the time he filed his petition before the district court.

We held in Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), that the amendment to § 2253, which changed the required showing from "a substantial showing of the denial of a federal right," to "a substantial showing of the denial of a constitutional right," did not effectively change the standard. Therefore, application of the amended statute does not have a retroactive effect, and the district court was correct to apply the law in effect at the time it rendered its decision. See id.

## II

In its brief before the district court, the State argued that petitioner's claims were procedurally barred because the Oklahoma Court of Criminal Appeals affirmed the denial of habeas relief based on the adequate and independent ground that the issues had been waived because they had not been raised on direct appeal. Apparently, the magistrate judge agreed with the State; he recommended that the claims be denied as procedurally barred, with the exception of the claims of ineffective assistance of appellate counsel. The district court summarily

adopted the magistrate judge's findings and recommendations. This was error on two different levels.

If a state prisoner fails to meet a state procedural requirement, and the last state court to address the matter refuses to address the merits of the claims because of the procedural default, the claims are procedurally barred in federal habeas proceedings. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). "In these cases, the state judgment rests on independent and adequate state procedural grounds." Coleman, 501 U.S. at 730. "On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993). A procedural default only bars review on federal habeas, however, when the last state court to render judgment in the case clearly and expressly states that state procedural bar is the basis of its judgment. See Harris v. Reed, 489 U.S. 255, 263 (1989).

In this case, the state district court reached the merits of petitioner's application for post-conviction relief and dismissed the petition on the merits. On appeal, the Oklahoma Court of Criminal Appeals enumerated the issues raised and then set forth the district court's findings and conclusions on the merits of each claim. The appeals court then stated:

After a thorough consideration of the entire record before us, we find no disagreement with the Trial Court's findings and conclusions. All issues previously ruled upon are res judicata. All issues not raised, which could have been raised, are waived. 22 O.S. 1991, § 1086.

As Petitioner has failed to show entitlement to relief in a post-conviction proceeding, the order of the District Court denying Petitioner's application for post-conviction relief is AFFIRMED.

Order Affirming Denial of Post-Conviction Relief, R.I, doc.9, Ex. E at 3.

This is just the sort of ambiguous reference to state law that is remedied by application of the "plain statement" rule originated in <u>Michigan v. Long</u>, 463 U.S. 1032, 1041-42 (1983), and later applied to habeas proceedings in <u>Harris</u>. 489 U.S. at 261-63. There is no question that the state district court relied on federal law in rejecting the petition on the merits, and the Oklahoma Court of Criminal Appeals' order fairly appears to rest on federal law; "'the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" <u>Coleman</u>, 501 U.S. at 733 (quoting <u>Long</u>, 463 U.S. at 1040-41). In such a case, "'we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.'" <u>Id.</u> In light of the appeals court's reiteration of the district court's findings on the merits, the two sentences in the appeals court opinion stating general principles of res judicata and waiver, without reference to particular issues or findings, are simply not a clear and express statement here that the court

-5-

affirmed the dismissal based on procedural default. Further, there is nothing in the Oklahoma Court of Criminal Appeals' order indicating that the reiteration of the district court's findings on the merits and the court's affirmance thereof is an alternative holding to dismissal based on procedural default. See Harris, 463 U.S. at 264 n.10.

Even if the Oklahoma Court of Criminal Appeals had affirmed the denial of relief based on procedural default, the district court's finding that waiver was an adequate and independent state ground for procedural default of the ineffective assistance of counsel claims was error. In Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994), we recognized that "[t]he general rule is the failure to raise a claim at trial or on direct appeal will preclude federal habeas corpus review of the merits of the claim absent a showing of either cause and prejudice or a fundamental miscarriage of justice." We went on to hold that "[w]hen, however, the underlying claim is ineffective assistance of counsel, then our cases indicate the 'general' rule must give way because of countervailing concerns unique to ineffective assistance claims." Id. This is so because, although the state rule regarding waiver of a claim not raised on direct appeal is an independent state law basis, it is not an adequate basis. See id. at 1364. The choice between raising an ineffective assistance claim on direct appeal, with new counsel but without the benefit of additional fact-finding, or forfeiting the claim under state law,

"deprives [a petitioner] of any meaningful review of his ineffective assistance claim[s]." Id. For that reason, the ground is inadequate. Failure to raise an ineffective assistance of counsel claim on direct review will not preclude federal habeas review because of procedural bar. See id. at 1363-64; Brewer, 51 F.3d at 1522.

III

The district court addressed petitioner's claims of ineffective assistance of appellate counsel on the merits, and found them to be baseless. We agree. With regard to these claims, our review is de novo. See Brewer, 51 F.3d at 1523. We accept the district court's findings of fact absent clear error. See id. Petitioner must show both that counsel's performance was deficient, and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). These same standards are applicable to claims of ineffective assistance of appellate counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).

The district court made detailed findings with regard to the following ineffective assistance of appellate counsel claims: failure to raise on appeal Detective McKenzie's disqualification because of relation to individual that petitioner claims actually committed the crime; failure to include witness statements and police reports in appellate record; and failure to raise issue on

appeal that former conviction should have been suppressed and not used for sentence enhancement.[1]  We affirm the district court's determination that none of these three claims has merit for substantially the same reasons set forth in the magistrate judge's findings and recommendations.

## IV

With regard to all other issues, however, we must remand to the district court.  The district court's interpretation of the Oklahoma Court of Criminal Appeals' order as applying procedural bar was error and, therefore, the district court's application of procedural bar on that basis was also error.  Thus, we remand for further consideration on all issues, except the ineffective assistance of appellate counsel claims, which we affirm.  The judgment of the district court is AFFIRMED in part,  REVERSED in part and REMANDED.  The certificate of appealability is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1]     We note that the district court referred to claims of ineffective assistance of appellate counsel with regard to several other issues raised by petitioner.  Our reading of both the petition before that court and the petition filed on appeal shows that petitioner raised ineffective assistance of appellate counsel claims only in the three issues addressed above.  None of petitioner's other issues were couched in terms of appellate counsel's ineffectiveness.