F I L E D
United States Court of Appeals
Tenth Circuit

JAN 13 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MCKINLEY MAHAN,

　　　　Petitioner-Appellant,

v.

STEVE HARGETT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

　　　　Respondents-Appellees.

No. 98-6051
(D.C. No. 96-CV-456)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.　See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).　The case is

therefore ordered submitted without oral argument.

---

\* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.　The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal arises from the district court's denial of plaintiff's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 on March 22, 1996. [1] This is the second time this case has been before us on appeal. The district court, upon a magistrate judge's findings and recommendation, denied the petition on July 23, 1996, finding that petitioner's claims of ineffective assistance of appellate counsel were meritless and that the other habeas claims were procedurally barred. Petitioner appealed, and we affirmed the denial of habeas relief as to the claims of ineffective assistance of appellate counsel, but we reversed the district court's application of procedural bar to the remaining claims and remanded for the district court to address those claims on the merits. *Mahan v. Hargett*, No. 96-6269, 1997 WL 297658, at **3 (10th Cir. June 5, 1997) (unpublished order and judgment). The district court has complied with our mandate by addressing the merits of petitioner's remaining habeas claims. The district court denied habeas relief, and petitioner appeals.

We have already affirmed the district court's denial of habeas relief on petitioner's claims of ineffective assistance of appellate counsel. *Id.* Petitioner now alleges error in the district court's denial of relief with respect to the

---

[1] Because the petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), we construe petitioner's application for a certificate of appealability as an application for a certificate of probable cause. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998).

following issues: (1) denial of an impartial, unbiased, unprejudiced, and disinterested jury trial; (2) denial of the right to effective assistance of trial counsel due to conflict of interest by an investigating officer; (3) denial of the right to effective assistance of trial counsel because trial counsel did not provide appellate counsel with certain witness statements; (4) denial of due process, equal protection, and effective assistance of trial counsel because trial counsel did not move to suppress a former conviction used for sentence enhancement; (5) a rational trier of fact could not have found guilt of second degree murder beyond a reasonable doubt; (6) the information did not allege or charge an offense nor allege the essential elements of second degree murder and notice did not comply with due process; (7) denial of the right to an impartial, unprejudiced jury; and (8) the prosecution knowingly and unlawfully suppressed exculpatory evidence, resulting in denial of due process, equal protection, and the right to a fair, impartial, and unprejudiced jury trial.

"We review the district court's factual findings for clear error and its legal conclusions de novo." *Green v. Reynolds*, 57 F.3d 956, 957 (10th Cir. 1995). Guided by these standards, and having reviewed both the federal habeas and the state trial record, we affirm for substantially the reasons stated by the magistrate judge in his supplemental findings and recommendation.

We GRANT a certificate of probable cause, and we AFFIRM the judgment of the district court denying habeas relief.  The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge