**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHNNIE LEE GETTENS,

Petitioner - Appellant,

vs.

GLYNN BOOHER, Warden,

Respondent - Appellee.

No. 01-6158
(D.C. No. CIV-01-319-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL, KELLY, and LUCERO, Circuit Judges.[**]

Mr. Gettens, an inmate appearing pro se, seeks a certificate of appealability

("COA") to appeal from the district court's denial of his habeas petition filed

pursuant to 28 U.S.C. § 2254. Mr. Gettens was convicted in Oklahoma state court

of trafficking in illegal drugs and was sentenced to twenty years' imprisonment.

In his federal habeas petition, Mr. Gettens claims two grounds for relief: (1) the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

trial court lacked jurisdiction to enhance his sentence under Okla. Stat. Ann. tit. 21, § 51; and (2) alleged inadequacies in the Oklahoma state post-conviction review process violated his right to due process.

The matter was referred to a magistrate judge, who recommended that the petition be dismissed as time barred under the one-year limitation provision of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The district court adopted the magistrate's report of findings and recommendations in its entirety and dismissed the petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c).

Mr. Gettens entered a plea of guilty on August 14, 1997. Under Rule 4.2 of the Rules of the Oklahoma Court of Criminal Appeals, Mr. Gettens had ten days from August 14, 1997, to file an application to withdraw his guilty plea. Because Mr. Gettens did not file an application to withdraw the plea or otherwise appeal the conviction, his conviction became final, and the AEDPA one-year time limit began running, on or about August 24, 1997. The due date for Mr. Gettens's habeas petition was August 24, 1998. As Mr. Gettens filed his petition on February 20, 2001, his first ground for relief is barred under § 2244(d)(1). Mr. Gettens is not entitled to toll the period during the time he spent seeking state post-conviction relief because his state post-conviction petition was filed on October 14, 1998, two months after the federal limitations period had run.

The AEDPA's one-year period of limitation is subject to equitable tolling in extraordinary circumstances. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). The AEDPA's time limitations may be equitably tolled "when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Gettens's petition describes none of these, instead alleging only the improper enhancement of his sentence. Mr. Gettens also fails to allege that he diligently pursued this claim, as required for equitable tolling. Miller, 141 F.3d at 978. Instead, Mr. Gettens filed this action more than two years after the statute of limitations expired, a demonstration of negligence unexplained by Mr. Gettens. Mr. Gettens's claim that his sentence was wrongfully enhanced does not qualify for equitable tolling and is dismissed as untimely.

Mr. Gettens also claims that his due process rights were violated by alleged inadequacies in the Oklahoma state post-conviction review process. Mr. Gettens alleges that the District Court of Comanche County erred in not allowing him to rebut the State's response to his post-conviction application, and that both the district court and the state appellate court erred in applying a state procedural bar to his application for post-conviction relief. Attempts by a habeas petitioner to

challenge "the Oklahoma post-conviction procedures on their face and as applied to him fail to state a federal constitutional claim cognizable in a federal habeas proceeding." Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).

We DENY the motion to proceed in forma pauperis, DENY a certificate of appealability, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge