FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

BYRON CRAIG HERD,

    Petitioner - Appellant,

v.

CARRIE BRIDGES, Warden,

    Respondent - Appellee.

No. 22-5085
(D.C. No. 4:21-CV-00019-JFH-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Petitioner Byron Herd, appearing pro se, seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 application for

habeas relief.  He also requests leave to proceed *in forma pauperis*.  For the reasons

stated below, we deny his request for a COA and dismiss this matter.  We also deny the

motion to proceed *in forma pauperis*.

I.

In 2018, a jury convicted Petitioner of first degree burglary after a former

conviction of two or more felonies.  The court sentenced Petitioner to life imprisonment

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with the possibility of parole. Petitioner timely filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), raising prosecutorial misconduct and excessive sentencing arguments. In 2019, the OCCA denied relief and affirmed Petitioner's sentence.

Proceeding pro se, Petitioner applied to the state district court for postconviction relief in December 2019. Petitioner raised three claims, which we construe as follows: (1) the court failed to instruct the jury on lesser included offenses; (2) the court wrongly enhanced Petitioner's sentence based on one or more prior felony convictions; and (3) the arresting officer in one of Petitioner's prior felony cases acted illegally, requiring the court to exclude the evidence of Petitioner's related conviction when sentencing in the current case. The court dismissed his application under Oklahoma's waiver rule because Petitioner failed to present his claims in his direct appeal. Petitioner appealed the dismissal to the OCCA and also complained that he received ineffective assistance of appellate counsel. But the OCCA lacked jurisdiction over the entire appeal because Petitioner failed to file a notice required by Rule 5.2(C)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2020) [hereinafter "OCCA Rules"].

On June 25, 2020, Petitioner filed an application under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Oklahoma (later transferred to the Northern District of Oklahoma). The district court liberally construed Petitioner's application as raising the same three issues Petitioner raised in his state court request for

postconviction relief and as blaming appellate counsel for some or all of the errors.[1]

Herd v. Bridges, No. 21-CV-019-JFH-CDL, 2022 WL 4109517, at *2 (N. Dist. Okla. Sept. 8, 2022). The court then denied relief on procedural grounds. Id. at *4.

While the district court considered his § 2254 petition, Petitioner filed many other documents at the Tulsa County District Court and the OCCA. We read Petitioner's filings liberally to include requests to file a late appeal of the state district court's denials of his requests for postconviction relief and presentation to the OCCA of a claim for ineffective assistance of counsel ("IAC").[2] Both courts denied Petitioner's requests on procedural grounds.

Petitioner now requests a COA from this Court under 28 U.S.C. § 2253 to appeal the district court's denial of his § 2254 application. In his Combined Opening Brief and Application for COA, Petitioner raises one issue, claiming the court erred when it failed to address his claims on the merits and denied his § 2254 petition on procedural grounds.

II.

We issue a COA only if a petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to "show

---

[1] Some of Petitioner's filings suggest that he seeks relief from his 1993 conviction under Carter County Case No. 1993-00348. Petitioner is no longer in custody for his 1993 conviction, so he is not eligible for habeas relief from that conviction. See 28 U.S.C. § 2254(a). But, like the district court, we construe his claims as challenging the Tulsa County judgment he identified in his § 2254 petition. See Herd, 2022 WL 4109517, at *3 n.5.

[2] Though some of these filings and the related court orders are not a part of the record on appeal, we take judicial notice of them as public court filings. See Tal v. Hogan, 453 F.3d 1244, 1265 (10th Cir. 2006).

that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  When a district court denies a habeas application on procedural grounds, a petitioner requesting a COA must also show us that reasonable jurists would find debatable the correctness of the procedural ruling. Slack, 529 U.S. at 484.  When we can rule based on the procedural question without addressing the constitutional merits question, we often do so. Id. at 485.

Section 2254 governs a federal court's authority to grant habeas relief to a prisoner in custody pursuant to a state court judgment.  A federal court may not grant relief unless (1) the applicant has exhausted available state court remedies or (2) state corrective process is unavailable or ineffective to protect the applicant's rights.  28 U.S.C. § 2254(b)(1).  An applicant satisfies the exhaustion requirement by presenting his or her claims to the highest state court, either on direct appeal or in a postconviction challenge. See Dever v. Kan. St. Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  But even then, a federal court may not grant habeas relief if the state court found a procedural bar to the claims under an independent and adequate state procedural ground—unless the applicant shows cause and prejudice or a fundamental miscarriage of justice. Eng. v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 749–50 (1991) and Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993)).

A state procedural bar is independent when state law, not federal law, forms the basis of the court's decision. Id.  A state procedural bar is adequate when state courts consistently and strictly apply the bar in situations similar to petitioner's. See Steele, 11

4

F.3d at 1522.  Cause for the default exists when something outside a petitioner's control impeded his efforts to comply with the state procedural rule.  Davis v. Sharp, 943 F.3d 1290, 1298 (10th Cir. 2019) (quoting Maples v. Thomas, 565 U.S. 266, 280 (2012)).

Here, Petitioner exhausted his claims by presenting them to the highest Oklahoma state court (the OCCA).  The OCCA denied relief under multiple independent and adequate state procedural grounds.[3]

The OCCA three times declined jurisdiction because Petitioner failed to meet filing requirements under Rule 5.2(C) of the OCCA Rules.  Procedural bars based on lack of jurisdiction under Oklahoma's Rule 5.2(C) are independent and adequate.  See Johnson v. Champion, 288 F.3d 1215, 1226–27 n.3 (10th Cir. 2002).  On another occasion, the OCCA denied Petitioner's request to file an out-of-time appeal because Petitioner did not show that his failure to timely appeal his claims was someone else's fault as required by OCCA Rule 2.1(E).  See Herd v. State, No. PC-2021-387 (Okla. Crim. App., May 28, 2021) (minute order) (affirming Herd v. State, No. CF-2017-1112 (Okla. Dist., Mar. 29, 2021)).  The OCCA applies this procedural bar strictly and consistently when petitioners cannot establish grounds for a late appeal under Rule 2.1(E).  See id.  Thus, this bar is also independent and adequate.

---

[3] The state district court also applied an independent and adequate state law bar when it dismissed Petitioner's claims for postconviction relief as waived.  See Smith v. Workman, 550 F.3d 1258, 1274 (10th Cir. 2008) (citing Canon v. Gibson, 259 F.3d 1253, 1267–69 (10th Cir. 2001)).  Because the OCCA applied a jurisdictional bar, it did not review the waiver.

Petitioner has not argued that our failure to review the merits of his claim will result in a fundamental miscarriage of justice. Neither has Petitioner properly shown that situations outside his control caused any of the procedural defaults. An IAC claim can at times establish cause for default—but not when a state court applies a procedural bar. See Edwards v. Carpenter, 529 U.S. 446, 451–52 (2000) (quoting Murray v. Carrier, 477 U.S. 478, 489 (1986)). Here, the OCCA applied a procedural bar each time Petitioner raised an IAC claim. So, Petitioner cannot establish cause necessary to overcome his default. Because no cause exists, we need not reach whether prejudice exists.

For these reasons, reasonable jurists could not debate whether the district court correctly dismissed Petitioner's § 2254 petition on procedural grounds. We, therefore, deny Petitioner's request for a COA and dismiss this matter. We deny the motion to proceed *in forma pauperis*.

Entered for the Court

Joel M. Carson III
Circuit Judge